LINDA BALDWIN JONES, Bar No. 178922
ANDREA LAIACONA, Bar No. 208742
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023
E-mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE FUND,

    Plaintiffs,

v.

SETON MEDICAL CENTER, a California Corporation, doing business as SETON MEDICAL CENTER and SETON MEDICAL CENTER COASTSIDE; DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation,

    Defendants.

No. CV 08 4134

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185)

Plaintiffs complain of Defendants, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor

1  Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court
2  since contributions were due and payable in the City and County of San Francisco and are payable
3  in the County of Alameda. Therefore, intradistrict venue is proper.

### PARTIES

### II.

6  Plaintiffs Paul Bensi, Bart Florence, Jerry Kalmar, and Lyle Setter were and are Trustees
7  and together comprise the Board of Trustees of the Plaintiff Stationary Engineers Local 39 Pension
8  Trust Fund and Stationary Engineers Local 39 Health & Welfare Fund ("Trust Funds"). At all
9  times material herein, the above-named Trust Funds were, and now are, employee benefit plans
10 created by written Trust Agreements subject to and pursuant to section 302 of the Labor
11 Management Relations Act (29 U.S.C. § 186), and multi-employer employee benefit plans within
12 the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the
13 above-named Trust Funds is administered by a Board of Trustees which may bring this action in
14 the name of the Trust Fund pursuant to the express provisions of the its Trust Agreement. The
15 Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as
16 "Plaintiffs".

### III.

18 At all times material herein, SETON MEDICAL CENTER, a California Corporation, doing
19 business as SETON MEDICAL CENTER and SETON MEDICAL CENTER COASTSIDE
20 (hereinafter referred to as "Seton"), has been an employer within the meaning of section 3(5) and
21 section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting
22 commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

### IV.

24 Plaintiffs are informed and believe and on that basis allege Seton is affiliated with
25 DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation. At all times
26 material herein, Daughters of Charity Health System has been an employer within the meaning of
27 section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an
28 industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

V.

At all relevant times, Plaintiffs are informed and believe and on that basis alleged that Defendants Seton and Daughters of Charity Health System are alter-egos, interrelated, affiliated, overlapping, under common management, control, ownership, and operation, successors, or a single employer as contemplated in the applicable labor agreements and therefore, Defendants were and are signatory and bound to a written Collective Bargaining Agreement with the International Union of Operating Engineers, Stationary Local No. 39 (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). By virtue of signing the Collective Bargaining Agreement (hereinafter "CBA"), Defendant Seton became subject to all its terms and conditions as well as the terms and conditions of the Trust Agreements. By virtue of becoming bound to the CBA, Defendant Daughters of Charity Health System became subject to all its terms and conditions as well as the terms and conditions of the Trust Agreements.

VI.

The Trust Agreements provide for prompt payment of all employer contributions to the Trust Funds and for the payment of interest and liquidated damages on all delinquent contributions, attorneys' fees, and other collection costs, including audit costs and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

## FIRST CLAIM FOR RELIEF

(AUDIT)

VII.

The Boards of Trustees have, as one of its purposes, the obligation to ensure that contributions required to be made to the Trust Funds pursuant to collective bargaining agreement are fully and correctly made. The purpose of each Trust Fund is to provide pension and health and welfare benefits respectively for Stationary Engineers on whose behalf contributions are made,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreements referred to herein comply with the terms of said agreements with respect to payments of said contributions to the Funds. The Funds maintain their office in the County of Alameda, and all such contributions were required to be made in the City and County of San Francisco and are required to be made in the County of Alameda.

## VIII.

The Trust Agreements establishing the Trust Funds, provides that:

> The Board may require the Employers, any Signatory Association, any Individual Employer . . . under the Plan to submit to it any information, data, reports, or documents reasonably relevant to and suitable for the purposes of such administration . . . . The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, report or documents. Upon request in writing form the Board, any Individual Employer shall permit a certified public accountant selected by the Board to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him or it to the Fund.

## IX.

Plaintiffs cannot determine whether or not Defendants have made prompt and correct payment of all Fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendants by representatives of Plaintiffs demanding that Defendants submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreement for the period April 1, 2003 to June 30, 2007.

## X.

Defendants have failed, refused or neglected to allow the full and complete audit as requested or inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendants' refusal to submit to a full and complete audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds. Plaintiffs have no adequate remedy at law, and the individual Stationary Engineers who are the participants and beneficiaries of the Trust Funds, particularly the employees of Defendants, are damaged thereby and also have no adequate remedy at law.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

XI.

Plaintiffs are intended third party beneficiaries of the collective bargaining agreements, but Trust Fund's contribution delinquencies are excluded from the arbitration provision of said agreements.

XII.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XIII.

Plaintiffs are entitled to reasonable attorneys' fees, interest, liquidated damages and other reasonable expenses incurred in connection with this matter due to Defendants' failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

XIV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XV.

Pursuant to the written agreements establishing the Trust Funds, Defendants have failed, neglected or refused to allow Plaintiffs access to all of the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds. As a result, Defendants are in breach of the agreements.

**THIRD CLAIM FOR RELIEF**
**(INJUNCTION)**

XVI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVII.

Unless enjoined by this Court, Defendants will continue to fail, neglect, or to submit to an

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

audit of books and records and by the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

## PRAYER

**WHEREFORE**, Plaintiffs pray judgment against Defendants as follows:

1. That Defendants be compelled to forthwith submit to a full audit by auditors selected by the Trust Funds at the premises of the Defendants within jurisdiction of the applicable CBA or at the premises of the Trust Funds during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendants relevant to the enforcement of the collective bargaining agreements or the Trust Agreements, including but not limited to the following:

   a. Collective bargaining agreements, for the entire testing period, covering the employees who are reported to the Trust;

   b. Monthly transmittals to the Trust showing the names reported for benefits;

   c. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

   d. Time cards for the most recent full quarter of the current year;

   e. California state quarterly payroll tax returns (DE-6's);

   f. Detailed documentation of the job classifications of employees not reported to the Trust;

   g. Monthly transmittals to other Trust Funds;

   h. Worker's compensation monthly or quarterly reports, as applicable;

   i. Seniority lists covering the entire testing period;

   j. 1099's;

   k. Cash disbursement journals; and

   l. Copies of any/all invoices including name of payee, date, check number and amount, description of purchase (supplies, services, etc.) for various payees;

2. That Defendants be ordered to pay contributions in an amount to be determined at trial, plus interest thereon;

- 6 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

3.  That Defendants be ordered to pay actual damages according to proof;

4.  That this Court issue an injunction compelling Defendants to forthwith cease their refusal to submit to a full audit of their books, records, papers and reports as required by the agreements to which they are bound;

5.  That upon completion of the audit, Defendants be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendants and interest on said sums;

6.  That this Court issue an Order directing and permanently enjoining Defendants to timely submit to Plaintiffs' Trust Funds, all reports and contributions due and owing by Defendants plus interest, liquidated damages, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

7.  That this Court issue an Order permanently enjoining Defendants for so long as they remain obligated to contribute to Plaintiff's Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

8.  That Defendants be ordered to pay attorney's fees;

9.  That Defendants be ordered to pay costs of suit herein;

10. That this Court grant such further relief as this Courts deems just and proper; and

11. That this Court retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amount found due and owing.

Dated: August 28, 2008

               WEINBERG, ROGER & ROSENFELD
               A Professional Corporation

By: /s/ Andrea Laiacona
      LINDA BALDWIN JONES
      ANDREA LAIACONA
      KRISTINA M. ZINNEN
      Attorneys for Plaintiffs

119081/502713

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE FUND

## DEFENDANTS
SETON MEDICAL CENTER, a California Corporation, doing business as SETON MEDICAL CENTER and SETON MEDICAL CENTER COASTSIDE; DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Linda Baldwin Jones; Andrea Laiacona; Kristina M. Zinnen
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001; (510) 337-1023 (f)

Attorneys (If Known)

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [X] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA Section 502 (29 USC Section 1132); LMRA Section 301 (29 USC Section 185)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: August 22, 2008

SIGNATURE OF ATTORNEY OF RECORD: Andrea Laiacona

NDC-JS44

# UNITED STATES DISTRICT COURT

for the

Northern District of California

E-filing

| See attached. | ) | |
|---|---|---|
| Plaintiff | ) | CV 08 4134 |
| v. | ) | Civil Action No. |
| See attached. | ) | |
| Defendant | ) | MMC |

**Summons in a Civil Action**

To: <u>Seton Medical Center and Daughters of Charity Health System</u>
        *(Defendant's name)*

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Linda Baldwin Jones, Bar No. 178922; Andrea Laiacona, Bar No. 208742;
Kristina M. Zinnen, Bar No. 245346
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

Helen L. Almazen
Deputy clerk's signature

Date: AUG 29 2008

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

NDCAO440

Attachment to Summons in a Civil Action

PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE FUND,

                              Plaintiffs,

v.


SETON MEDICAL CENTER, a California Corporation, doing business as SETON MEDICAL CENTER and SETON MEDICAL CENTER COASTSIDE; DAUGHTERS OF CHARITY HEALTH SYSTEM, a California Corporation

                              Defendants.